### McCAULEY v. HATFIELD et al.

(Supreme Court, Special Term, Kings County. March 31, 1894.)

MECHANICS' LIENS—CONSENT OF OWNER—KNOWLEDGE AND ACQUIESCENCE.
Where a lease contains no covenant by the lessor to repair, knowledge on his part that the premises are being improved under a contract with the lessee, and acquiescence therein, does not constitute the consent required by the mechanic's lien law to charge the property.

Action by Charles R. McCauley against William A. Hatfield and others for work done and materials furnished. Judgment for defendants.

William C. Beecher, for plaintiff.
Stephen B. Jacobs, for defendant Hatfield.

SMITH, J. This plaintiff furnished certain material and performed certain labor upon premises owned by the defendant Hatfield, under a contract with the defendant McCaffrey, who was lessee of the premises. The lease contained no covenant by the

lessor to repair. It has been found as a fact that the lessor knew that the improvements were being made, and acquiesced therein. The question remaining for the decision is whether such knowledge and acquiescence on the part of the owner constitutes the consent required by the statute in order to charge the property of the owner. In Ross v. Simon, 8 N. Y. Supp. 2, the general term of the New York city court held that knowledge and acquiescence were not sufficient. McGown, J., in writing the opinion of the court, says:

"Simon, the owner, was the landlord; defendant Ignatz Schmitt was the tenant; and, in the absence of any express covenant to repair or make alterations on the part of Simon, the landlord, the tenant, Ignatz Schmitt, and his assignee, being in possession as tenants, were legally bound to make all repairs. The tenant was in possession under the lease, and Simon, the landlord, had no right to interfere with, object to, or to stop the work. His refusing to consent thereto, or his objecting to the repairs, would have been of no avail, unless, possibly, he objected to the repairs, in case his tenant was doing a great injury to his property. Had Simon, the landlord, in passing the premises, discovered that his tenant had men employed in painting the house on the premises, would he have had any right to interfere with the work? And it cannot seriously be claimed that in such case, had the tenant refused to pay the workmen employed by him under a contract to paint the house, the contractor could have or enforce a lien against the owners of the premises for the painting. Simon, the owner, did not become a party to the contract made by the lessee with the plaintiff; and only the title or interest of the lessee in the premises could be affected by the lien. The mere consent of the defendant Simon to the repairs and alterations made by his lessee did not obligate him, either legally or morally, to pay for the same, nor did it subject his interest in the premises to the lien."

In Havens v. Electric Light Co. (Sup.) 17 N. Y. Supp. 580, it is held:

"Where a lessee erects buildings on the land in the absence of express permission in the lease, the owner's failure to dissent, and his assistance in the erection of the buildings as agent of the tenant, do not constitute consent within the mechanic's lien act."

In writing the opinion, Judge Truax says:

"I do not see how it can be said that the work was done and the materials were furnished with the consent of Striker. He was not in possession of the premises, and could neither consent nor dissent to the erection of the building. The work was done and the materials were furnished, not with the consent, but without the dissent, of the owner. As far as the lessee of the premises was concerned, the consent or dissent of the lessor was immaterial. The most that can be said is that Mr. Striker acquiesced, and acquiescence is not consent. We give consent when we yield what we have the right or power to withhold. I cannot find a better exposition of the law on this point than that given by Judge Van Hoesen at special term, common pleas, in Ottiwell v. Watkins. This opinion is not reported, but may be found in the printed book used at the general term. It is as follows: 'Consent implies a degree of superiority; at least, the power of preventing. It implies not merely that the person accedes to, but that he authorizes, an act.'"

This case was affirmed at general term of the first department, and the decision reported in 20 N. Y. Supp. 764. In writing the opinion for the court in that case, Judge Van Brunt says:

"It seems to us that the clear intent of the statute was to prevent the owner of real estate from permitting improvements to be made upon his property from which he is to derive an ultimate benefit, and which, without his con-

sent and acquiescence, could not be made without incurring some obligation to those who have supplied labor and materials for the making of such improvements. But in those cases where the owner has no power to prevent the tenant from making such improvement as he sees fit, and from which the owner can derive no ultimate benefit, it never could have been the intention of the legislature to make such owner liable, and it is doubtful, if they had attempted to do so, whether it lies within their power."

The logic of the cases cited seems to me invulnerable. For the owner to dissent to making of repairs by the tenant which the tenant had the lawful right to make is an absurdity of which the law is not guilty. The cases which the plaintiff cites to establish the contrary principle are all clearly distinguishable from the case at bar. In Husted v. Mathes, 77 N. Y. 388, the building was erected by defendant's agent, and her acquiescence therein, with full power to prevent, was rightly held to be her consent. In Burkitt v. Harper, 79 N. Y. 273, the construction of the buildings for which the lien was claimed was not only consented to, but was required by the contract or lease which the owner signed. In Otis v. Dodd, 90 N. Y. 336, the terms of the lease itself required the erection of the buildings for the construction of which a lien is sought. In Kealey v. Murray (Sup.) 15 N. Y. Supp. 403, the contract for the erection of the building was made and known to the vendor before he made his contract of sale, and it was therefore held to have been contemplated by the vendor, and thus consented to. In Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251, the vendor's interest in the land was held to be liable for the lien, on the ground that the vendor's consent is given in a case where the contract of sale required the erection of the very buildings for the construction of which the lien was sought. In Nellis v. Bellinger, 6 Hun, 560, the building was erected by the son of the owner, with his knowledge and acquiescence, when he had the full power to prevent the same. In Spruck v. McRoberts (Sup.) 19 N. Y. Supp. 128, the real owner had failed to give notice to the contractor of his interest in the premises, and allowed the contractor to proceed with the work under a contract with another supposed owner, reaping the benefits of his own deception. He knew of the progress of the work, and acquiesced. These facts were held to constitute a consent on his part. I do not find any case which holds that the knowledge and acquiescence by a landlord in the repairs of a tenant constitute a consent by the landlord, within the meaning of the mechanic's lien law, where the tenant has the absolute right to make the repairs, without the consent of the landlord, which were in no way contracted for by the landlord. This is the case at bar, and I think that, both by reason and authority, the defendant Hatfield has successfully defended. Judgment ordered accordingly.