(25 App. Div. 368.)

VOSSELLER v. SLATER et al.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

1. MECHANICS' LIENS—EXECUTORY CONTRACT OF SALE—LABOR AND MATERIAL
   FOR VENDEE—LIABILITY OF VENDOR'S INTEREST.
      The mechanic's lien law (Laws 1885, c. 342, § 1) provides that a person
   furnishing labor or material for a building, "with the consent of the owner
   as hereinafter defined," shall have a lien to the extent of the owner's right.
   Section 5 provides that, where the owner has agreed to sell the premises to
   the contractor or other person, such owner shall be deemed to be the owner
   until the deed has been delivered and recorded, under such agreement.
   Held, that section 5 applies only where the owner of the fee, by an ex-
   ecutory contract, agrees to sell and convey, and, by the same contract,
   binds the vendee to erect a building of a prescribed kind, and within a time
   fixed, the improved premises to constitute security for the unpaid purchase
   money.

2. SAME—CONTROL OF PREMISES.
      The section does not apply where the executory contract merely grants
   the vendee the privilege of moving an old building from one corner of the
   lot to another, and the vendor has no authority to require the vendee to
   build, alter, or repair, or to prevent him from so doing, though the vendor
   know that a new building is to be erected by the vendee, and know that it
   is being erected.

Appeal from Erie county court.

Action by Nathan Vosseller against Bridget Slater and Christina
McNally. Judgment for plaintiff, and defendant Slater appeals. Re-
versed as to her.

This action was begun July 3, 1896, to foreclose an alleged mechanic's lien.
In June, 1895, the appellant, Bridget Slater, was the owner in fee of a lot of
considerable size in the city of Buffalo, on which was then standing a small
cottage, which was the only building thereon, except possibly a barn. In that
month she entered into an executory contract with the defendant Christina
McNally, by which the former agreed to sell, and the latter to purchase, the
premises for the sum of $4,000, payable, $1,000 at the end of 30 days, $1,000
at the end of 90 days, and the remainder, $2,000, to be secured by the bond
of the vendee, with a mortgage as collateral thereto on the premises, payable
three years after the date of the mortgage, with interest. The contract con-
tains this provision, which is the only one relating to the erection, removal, or
separation of buildings by the vendee: "Said party of the second part shall
have the privilege to remove the cottage from where it now stands on said
premises to, and place the same upon, the northeasterly thirty feet of said
premises, fronting on Delevan avenue." On the execution of the contract the
vendee entered into possession of the premises, but has never paid anything
to the vendor on the contract, and a few months after its date abandoned it.
Shortly after the vendee took possession of the property she entered into a
contract with a plumber to remove the cottage from the place where it stood
to the place designated in the contract, and make certain improvements on
the building, for which she agreed to pay $250. The cottage was removed

at an expense of $25. Additional repairs, not provided for by the contract, were made by the mechanic, worth, according to his evidence, $90. For these amounts the mechanic, on the 31st of August, 1895, filed a lien, in which it was asserted that the appellant was the owner of the premises. Afterwards· the alleged lien was assigned to the plaintiff, who brought this action for its foreclosure, which was tried in the county court, which found that Christina McNally was never authorized by the appellant to act as her agent in respect to the alterations made upon the cottage, but did find: "Fourth. That at the· time of entering into such contract of sale it was understood between the defendants hereto that said cottage should be placed upon the rear portion of said premises for the purpose of being used thereon, and that a block of flats was to be built upon the remaining portion of the lot." "Ninth. The defendant Slater knew that improvements and alterations were being made upon said premises." As a conclusion of law the court held that the plaintiff had a valid lien on the interests of both defendants, and directed a foreclosure of the alleged mechanic's lien, with costs, and directed a sale of the premises.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,. and WARD, JJ.

Adolph Rebadow, for appellant.
George E. Pierce, for respondent.

FOLLETT, J.  Section 1, c. 342, Laws 1885 (the mechanic's lien law), provides that any person who shall perform labor or furnish· materials used in erecting, altering, or repairing any building, "with the consent of the owner, as hereinafter defined, or his agent," shall have a lien for the price and value of the labor performed and materials furnished, "to the extent of the right, title and interest at the· time existing of such owner, whether owner in fee or of a less estate, or whether a lessee, for a term of years, or vendee in possession under a contract existing at the time of the filing of said notice of lien, or· of the owner of any right, title or interest in such estate, which may be sold under an execution." 3 Rev. St. (9th Ed.) p. 2635. By the· fifth section of the act it is provided: "In cases in which the owner has made an agreement to sell and convey the premises to the contractor or other person, such owner shall be deemed to be the owner within the intent and meaning of this act, until the deed has been actually delivered and recorded, conveying said premises pursuant to such agreement." Id. p. 2640. By virtue of these provisions, the plaintiff asserts that his assignor, who performed labor and furnished· materials in moving and altering the dwelling upon the property, under the contract with the vendee in possession, acquired a lien against the interest of the vendor. The vendee, Christina McNally, who contracted with the plaintiff's assignor, did not answer, and does not contest the claim of the plaintiff. Bridget Slater, the vendor of the· premises, alone defends, and contests the right of the plaintiff to establish a lien upon her interest in the property. The provision above· quoted from the fifth section of the mechanics' lien law does not provide for or embrace the case at bar. This provision was not intended to embrace, and does not embrace, the case in which the owner in: fee of land has contracted· in good faith to sell and convey it to a· vendee, who has the right of possession of the land under the contract, provided the contract of sale was executed and possession thereunder given before the contract was made by the vendee for con·

structing or altering the buildings, and provided the contract of sale does not provide that the vendee shall erect a building on the premises. This provision of the statute was intended to provide for and embrace a class of contracts common in the cities of this state, by which the owner of the fee of a lot, by an executory contract, agrees to sell, and subsequently convey, it, and by the same contract binds the vendee to erect a building thereon of a prescribed kind and within a time fixed. Such contracts usually provide that the vendor shall advance money to the vendee from time to time, as the building progresses, to enable the vendee to erect a building, and provides that when the building is completed the vendor shall convey the property to the vendee, and take back a mortgage, as security for the purchase price of the lot, and for the sums to be advanced to the vendee under the contract. Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251; Miller v. Mead, 127 N. Y. 544, 28 N. E. 387. This provision was brought into the statute in 1863 (chapter 500, § 14) to avoid the effect of the cases of which Loonie v. Hogan, 9 N. Y. 435, and those cited in paragraph 72, p. 4998, Brightly's Dig., are types.

There is no provision in this executory contract of sale binding the vendee to remove the cottage, or alter it or repair it. The provision is that the vendee shall have the privilege of removing the cottage from where it stood at the execution of the contract to another part of the lot. The vendee might or might not do it, as she chose. There is no suggestion in the contract that the cottage was to be rebuilt or extensively repaired. The vendor, Mrs. Slater, had no power to compel the vendee to remove the cottage, or to control the vendee as to what repairs should be made upon it, at what expense, or by whom. The alterations were not made for her benefit, and, as it turned out, they were made to her great injury, as the undisputed evidence is that the premises as altered were not worth as much as they were before the change, and could not be rented for as much as formerly. The mere fact that Mrs. Slater knew that her vendee contemplated moving and altering this cottage before the contract of sale was entered into, and talked about it with the person who did the repairs, knew that he was going to make them, and knew that he was making them, does not render her interest in the land subject to a lien filed for labor performed and materials furnished. It would be a most unusual statute, and of doubtful validity, which should provide that, in case a vendor sells real estate by an ordinary executory contract of sale, knowing that the vendee intended to erect a building thereon, the vendor's interest should be charged with a lien for the expense of erecting a building, and so improve the vendor out of his estate.

The term, "with the consent of the owner," as used in the statute, implies that the owner has power to give or withhold his consent in respect to the construction, alteration, or reparation of the building. In case the vendor in an executory contract has no authority to require the vendee to build, alter, or repair, and has no power to prevent him from doing so, his interest cannot be charged with a mechanic's lien for the erection, reparation, or improvement of a building ordered by the vendee, simply because he (the vendor), know-

ing that the work is to be done and knowing that it is being done, does not try to stop what he has no power to prevent. Havens v. Power Co. (Sup.) 17 N. Y. Supp. 580, affirmed 20 N. Y. Supp. 764; Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292; McCauley v. Hatfield (Sup.) 28 N. Y. Supp. 648.

In case an owner of premises has such control over them that he may permit or prevent their improvement by the person in possession, and stands by and allows them to be improved, a different question is presented, and the cases arising out of such a state of facts are not germane to the question involved in the case at bar. It is clear that the plaintiff's assignor never acquired a legal lien on the interest of the appellant in the land, and the judgment against Bridget Slater should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; ADAMS, J., in result.