LEVI W. ROBERTS *vs.* WILLIAM B. NILES.

Somerset.     Opinion April 16, 1901.

*Real Action.   Pleading.   Costs.   R. S., c. 82, § 23; c. 104, § 2.*

The demandant's declaration in a real action, after describing the demanded premises, concluded as follows: "Whereupon the plaintiff says that he was lawfully seized of the demanded premises with the appurtenances in his demesne as of fee within twenty years last past, and ought now to be in quiet possession thereof, but the said defendant hath since unjustly entered and holds the plaintiff out to the damage of," etc.   Upon demurrer to this declaration, *held;* that the declaration contains a sufficient allegation of a disseizin.

As the demurrer was not filed at the first term, the judgment for the plaintiff must be final at the next term after this decision has been certified to the clerk, unless at the term when the demurrer was filed leave was obtained to plead anew.

Exceptions by defendant.   Overruled.

Demurrer to a real action because the declaration did not sufficiently allege an ouster or disseizin. The case was certified to the Chief Justice by the presiding justice on the ground that the exceptions were frivolous and intended for delay.

*W. H. Fisher*, for plaintiff.

*S. J. and L. L. Walton*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

WISWELL, C. J. The demandant's declaration in a real action, after describing the demanded premises, concluded as follows: "Whereupon the plaintiff says that he was lawfully seized of the demanded premises with the appurtenances in his demesne as of fee within twenty years last past, and ought now to be in quiet possession thereof, but the said defendant hath since unjustly entered and holds the plaintiff out, to the damage of," etc. To this declaration the defendant filed a general demurrer, which was overruled at nisi prius, and the defendant alleged exceptions to this ruling.

In support of his demurrer the defendant argued that the declaration contains no sufficient allegation of an ouster or a disseizin. Such an allegation is, of course, necessary, R. S., c. 104, § 2; without it the declaration would undoubtedly be demurrable, but it is not necessary that the word "disseized" should be used; it is sufficient if the declaration contains an allegation, to the effect, that before the commencement of the action the defendant had wrongfully deprived the plaintiff of the seizin of the demanded premises, to which he was entitled.

Disseizin is a privation of seizin, the act of wrongfully depriving a person of the seizin of land. Bouvier's Law Dict. Vol. 1, page 484; Rapalje & Lawrence's Law Dict. Vol. 1, page 398. Here, the demandment alleged his seizin of the demanded premises within twenty years next before the commencement of the action, stating the estate he claimed therein; that the defendant "hath since unjustly entered and holds the plaintiff out." The word

"unjustly" in this connection means "without right" or "wrong-fully". This is an allegation of a disseizin, a wrongful deprivation of the demandant's seizin. The declaration is therefore sufficient and the exceptions must be overruled. But as the language used by the demandant in his allegation of a disseizin differs from that commonly used for this purpose, we are not disposed to adjudge the exceptions frivolous and thus impose upon the defendant the penalty of treble costs, as provided by R. S., c. 82, § 23.

As this demurrer was not filed at the first term, the judgment for the plaintiff must be final at the next term after this decision has been certified to the clerk, unless at the term when the demurrer was filed leave was obtained to plead anew, as to which the case is silent.

*Exceptions overruled.*