<hr />

BREGMAN v. KRESS et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—SUFFICIENCY OF COMPLAINT—DEMURRER.

   In a complaint for malicious prosecution, the allegation that defendant, before a magistrate, "falsely and maliciously, and without just cause or provocation, charged plaintiff," etc., is, on demurrer, a good plea that the prosecution was begun without probable cause.

Appeal from Special Term, Kings County.

¶ 1. See Malicious Prosecution, vol. 33, Cent. Dig. §§ 95, 96.

Action by Joseph Bregman against August Kress and another. From an interlocutory judgment (78 N. Y. Supp. 1109) overruling defendants' demurrer to the complaint, they appeal. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Moses Feltenstein, for appellants.
Thomas Kelby, for respondent.

JENKS, J. The sole question is whether, upon demurrer to a complaint for malicious prosecution, the allegation that defendant, before a magistrate, "falsely and maliciously and without just cause or provocation charged the plaintiff," etc., is a good plea that the prosecution was begun without probable cause. Against the demurrer, the pleading will be deemed to allege whatever can be fairly and reasonably implied. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Greeff v. Equitable Life Assur. Soc., 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. In Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 457, 51 N. E. 301, 303, the court, per Martin, J., say:

"Under the more recent authorities, pleadings are not to be strictly construed against the pleader, but averments which sufficiently point out the nature of the pleader's claim are sufficient if under them he would be entitled to give the necessary evidence to establish his cause of action. Rochester Railway Co. v. Robinson, 133 N. Y. 242, 246 [30 N. E. 1008]."

The word "just" is derived from the Latin "justus," which is from the Latin "jus," which means a right, and, more technically, a legal right, a law. Thus "jus dicere" was to pronounce the judgment, to give the legal decision, as by the prætor. Our word "just" is defined in the Century Dictionary as "right in law or ethics"; in Stormonth's Dictionary, as "conformable to laws"; in Imperial Dictionary, as "conformed to rules and principles of justice." "Just" is defined in the Standard Dictionary as "conforming to the requirements of right or of positive law"; in Anderson's Law Dictionary as "probable; reasonable, as just cause to make an arrest, to suspect one of a crime." Rapalje & Lawrence's Law Dictionary states that the terms "just cause" and "reasonable cause" are synonymous. Kinney's Law Dictionary defines "just" as "fair," "adequate," "reasonable," "probable," and "justa causa," in civil law, as "a just cause," "a lawful ground." Black's Law Dictionary defines "just" as "right, in accordance with law and justice." In Jones v. Fruin, 26 Neb. 76, 42 N. W. 283, the court held that the allegation that the attachment was "wrongfully and maliciously sued out, and no just ground existed for issuing the same," as equivalent to allegations of want of probable cause. In Martin v. Gage, 9 N. Y. 398, the court held that the phrase "just debts" means "such debts as shall turn out to be just according to the determination of the courts of law and equity."

The pleader charges that the defendant prosecuted him without just cause or provocation. Does he not fairly mean that the defendant had no legal justification for his act? A just cause for an act

81 N.Y.S.—68

is such a cause as the law recognizes as legal warrant for the act, absolving the offender from any legal consequences, and that in malicious prosecution is "probable cause." The pleader is not pleading that which he must prove, namely, want of probable cause; and so the question is not to be determined by deciding whether proof of no just cause is the same as proof of no probable cause. He is pleading that the defendant acted without such cause as the law recognizes as just, in the sense that it was not excusable in law. To have "no just cause" in such a case is to have no such cause as the law recognizes, namely, a probable cause. And the pleading may be regarded as "the statement of a fact ascertained by the rules of law." See remarks of Landon, J., in Thayer v. Gile, 42 Hun, 268. I think that the averment sufficiently points out the nature of the claim, and that evidence of no probable cause is admissible under it. The two decisions mainly relied upon by the learned counsel for the appellant, namely, Young v. Gregory, 3 Call (Va.) 446, 2 Am. Dec. 556, and Van de Wiele v. Callanan, 7 Daly, 386, need not be followed. The first is nice to a degree in the lines of antique pleading, when the courts indulged in subtleties, for the divided decision turned upon the fact that "justifiable cause" could mean something else than "probable cause." The second decision is obiter upon this point. It holds that as "just" or "proper" cause does not necessarily express the same thing as "probable" cause, it could not be substituted for it. I think that the rule expounded is too stringent in the light of the more recent decisions on the construction of pleadings upon demurrer ut supra. The learned Special Term (Dickey, J., presiding) was right in overruling the demurrer, and the judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.