(46 Misc. Rep. 246)

### EICHLER v. WARNER.

(Supreme Court, Appellate Term. January 17, 1905.)

1. MECHANICS' LIENS—CONTRACT BY LESSEE.

A mechanic's lien cannot be had as against the owner of a building for repairing done under contract with the lessee merely because the owner knew of and acquiesced in the work.

Appeal from City Court of New York, Trial Term.

Action by Armin Eichler against Sylvia M. Warner. From a judgment entered on dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Fluegelman & Bach, for appellant.

Lindsay, Kremer, Kalish & Palmer, for respondent.

MacLEAN, J. According to his complaint and his evidence, the plaintiff, a master painter, did some work and furnished some materials in four apartments at 471 Central Park West, under an employment from one Tribelhorn, the lessee of the apartment houses 471, 472, and 473 on that avenue. The work was done before the leases were signed by the tenants, whom he had orders to satisfy; indeed, they would not sign until the washing, patching, and tinting were done. When the bill was presented, the lessee paid a part, later another, and a third check came back. Without further effort to collect his money, so far as shown—certainly he did not serve Tribelhorn in this action—the plaintiff sought to bring about payment from the owner, the defendant, by filing notice of a mechanic's lien, and alleging that what was done and furnished was with her knowledge and consent. To evidence that consent, the plaintiff testified he met Mrs. Warner in her apartment at No. 473; that she said "Good morning," and he said "Good morning." His foreman testified that on his going to work in her apartment at 473 the day she was leaving, the lady said, "I hope you will do me a good job;" "I hope you will do the same work as you do in the other houses;" "I hope you will do the same kind of work in all three houses;" and that she gave him presents (the defendant said they were things she had no time to pack); and his lawyer testified that when he served the summons and insinuated a settlement to save a suit Mrs. Warner replied she had an arrangement with Mr. Tribelhorn, and was amply secured against any claim that would be made against that property or against herself. "It is here urged that those facts, when taken together, are sufficient to establish at least an implied consent on the part of the defendant, Warner." Happily, however, it is well settled that mere acquiescence with knowledge is not sufficient evidence of the consent

which the statute requires—the consent which is not a vacant or neutral attitude, but is affirmative in its nature. DeKlyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719. This is indicated in the case upon which the appellant relies (Nat. Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293), wherein knowledge was shown, not, as here, by a scintilla of inference, but by proof that the owner was present during the entire progress of the work, was familiar with its every detail, of which he repeatedly expressed his admiration, and the lasting benefit of which he was soon to enjoy. The plaintiff hopelessly failed to make out his cause of action, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.