(60 Misc. Rep. 603.)

### HEDLUND v. PAYNE et al.

(Supreme Court, Special Term, New York County.    October, 1908.)

MECHANICS' LIENS (§ 73*)—REPAIRS BY TENANT—CONSENT OF LANDLORD.

Where a tenant has agreed to make certain repairs in consideration of reduction in rent, and the landlord introduces the tenant to a person competent to do the work, he does not consent thereby to the performance of

---

work and the furnishing of the materials, under Laws 1897, p. 516, c. 418, § 3, so as to render the property subject to lien, where there is no proof that the premises were benefited by the work.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 103; Dec. Dig. § 73.*]

Action by John Hedlund against Caroline Carter Payne and others to foreclose a mechanic's lien. Complaint dismissed.

Lester S. Abberley, for plaintiff.
Keck & Cauthers, for defendant Radcliff.
Hoadly, Lauterbach & Johnson, for defendant Payne.
Charles J. McDermott, for defendant receiver.

FITZGERALD, J. The defendant Radcliff, the owner of the premises, No. 115 East Eighteenth street, borough of Manhattan, city of New York, agreed to lease the same to Mrs. Caroline Carter Payne for the term of three years, with the privilege of renewal for an additional term of two years. The lease contained a covenant that the party of the second part "will, at her own cost and expense, do or cause to be done all interior repairs to said premises during said term, except such as may be rendered necessary by injuries caused by fire," and, as a concession for the repairs to be made, the landlord made a reduction of $100 a year in the rent, or, in other words, allowed the lessee $300 for necessary repairs. The lessee entered into possession of the premises about October 1, 1906. She wished to make certain alterations and repairs to the building, and the defendant Radcliff recommended the plaintiff, whom he had occasionally employed since 1893, as a competent mechanic. Mrs. Payne employed plaintiff for the purpose of making the alterations and repairs she desired in the house, under her direction. As the work progressed she ordered certain changes in the work which materially added to the cost. The work was begun about October 1, 1906, and continued until December 20th of the same year, when, at the request of the defendant Mrs. Payne, plaintiff stopped the work. On account of his work plaintiff received from the lessee the sum of $925, leaving a balance due of $2,075. In the lien filed March 8, 1907, it is claimed that the amount unpaid is $2,275.

It is sought here to enforce this claim against the property because, as it is claimed, of the owner's consent to the performance of the work and the furnishing of materials, under the provisions of section 3 of the lien law (Laws 1897, p. 516, c. 418), and on the authority of National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293. The facts in the case at bar are clearly distinguishable from those set forth in the case of National Wall Paper Co. v. Sire, supra. In Rice v. Culver, 172 N. Y. 68, 64 N. E. 763, the court said, referring to the Sire Case:

"There the work, which consisted of the decoration of the demised premises for the purpose of a hotel and restaurant, inured to the benefit of the landlord, who regained possession immediately after the work was completed. The landlord supervised and directed the performance of the work. His acts and conduct were such as to authorize the finding by the trial court that he ac-

tually participated in procuring the work to be done. This case is barren of the features alluded to. The appellant exercised no control or supervision over the performance of plaintiff's contract. The most he did was to express satisfaction at the manner in which the work was being performed. But this satisfaction or approval evidenced no intention to intervene in the conduct of the work, for under the terms of the lease the work was in no way in his interest."

These words apply equally to the facts as disclosed in the record under consideration, and, in addition, it appears that the owner had not, up to the time of the trial, secured possession of the property; nor is there proof that the property was benefited by the work performed by plaintiff, nor of the owner's consent, as defined in Rice v. Culver, supra.

Complaint dismissed.