Mario Pittoni, J.
Motion pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice to dismiss certain defenses as insufficient in law.
The defenses are contained in the answers of (1) the defendants, Alvin Estates, Inc. and Celia Goldfarb, and (2) the defendant, Park View Diner, Inc.
The plaintiff’s action is for a judgment declaring him to have a lien on premises owned by the defendant, Alvin Estates, Inc., and for a foreclosure of that lien. The defendant, Celia Gold *389 farb, is a mortgagee and the defendant, Park View Diner, Inc., a lessee of the premises. The plaintiff allegedly entered an agreement with John and Ruth Turlis — named as defendants but not served with process — to supply tile and labor for the installation of the tile in the subject premises. John and Ruth Turlis were general contractors who agreed to construct a diner for the lessee, Park View Diner, Inc. The sum due and owing by Turlis to the plaintiff is $900.
The defendants, Alvin Estates, Inc. and Celia Goldfarb, in their answer state that under the terms of the lease between Alvin Estates, Inc. and Park View Diner, Inc. vacant land was leased to Park View for a period of 21 years at a specified rental, with permission granted Park View to erect at its own expense a modern diner and to remove the same at the expiration of the term of the lease. They allege that the diner remained the personal property of Park View, and that improvements installed for its use did not entitle the plaintiff to file a notice of lien against the land.
In support of its contention that a lien is obtained by one who performs labor or furnishes material for the improvement of real property the plaintiff cites Osborne v. McGowan (1 A D 2d 924); Hilton & Hodge Lbr. Co. v. Murray (47 App. Div. 289) and Tinsley v. Smith (115 App. Div. 708). In the Osborne case, at the termination of the lease, the permanent structures erected by the lessee become the property of the lessor. Here, however, the diner belonged to the lessee and was removable by it. The Hilton case appears to support the plaintiff’s position ; but upon examination it appears the rent which the lessor received proceeded from the use of the structures and the landlord required the improvement to be made. Here, as in Rice v. Culver (172 N. Y. 60), the lease provided for a fixed rent, and the lessee covenanted not to use the premises for other purposes than those described in the' lease. But the lease did not require that the premises were to be used for those purposes. As in the Bice case (supra, p. 67), as long as “ the landlord received his rent it was immaterial to him whether the premises lay idle and unimproved or not.”
To be entitled to a lien, it must appear that the improvement was made with the consent or at the request of the owner ’ ’ (Lien Law, § 3). Unless it is established at the trial that the owner was “ an affirmative factor in procuring the improvement to be made,” (Rice v. Culver, supra, pp. 65, 66) the motion to dismiss the complaint must be granted. Therefore, the motion is denied as to the defendants, Alvin Estates, Inc. and Celia Goldfarb.
*390 Insofar as the defendant, Park View Diner, Inc. is concerned, unless it be established that at the time of the filing of the notice of lien or at any time prior to the trial money was due to John or Ruth Tur lis from Park View Diner, Inc., the plaintiff would not be entitled to a lien. Section 4 of the Lien Law, provides in part that a “ lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon. ’ ’ (Emphasis supplied.)
Accordingly, the motion is denied as to the defendant, Park View Diner, Inc.
Submit order.