MULFORD MARTIN et al., Respondents, v. THE BABCOCK &
WILCOX COMPANY, Appellant.

LEASE — COVENANT FOR RENEWAL.   Where under the provisions of a
lease for a term of years the lessee agreed within two years to make cer-
tain improvements to the leased property which when made were to
belong to the premises, or in lieu thereof to erect a new building in place
of the old, the said lessee to be entitled upon performance of the cove-
nants and agreements contained in the lease to a renewal thereof at its
expiration, said renewal to contain a covenant that " in case there shall
be standing on the premises a   *   *   *   building erected by the " lessee,
then the lessors or their successors at the expiration of the second
lease would, at their option, either purchase the building at a valua-
tion to be ascertained or grant a new lease for a third term for a
specified rental, the said lessee, who elected to make the improvements
specified rather than erect a new building and who has otherwise per-
formed all of the conditions of the first lease, cannot be required at its
expiration to accept a renewal from which the covenant for a third
renewal is omitted, upon the theory that it was not intended to be opera-
tive unless the lessee had erected a new building upon the premises
within the first two years of the original term, but is entitled to have such
covenant included.

*Martin* v. *Babcock & Wilcox Co.*, 109 App. Div. 16, reversed.

(Argued November 22, 1906; decided December 18, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 2, 1905, in favor of plaintiffs upon the submission
of a controversy under section 1279 of the Code of Civil
Procedure.

The nature of the controversy and the facts, so far as
material, are stated in the opinion.

*John J. Delany* and *Frederick St. John* for appellant.
The provisions of the original lease, as to the covenants of
renewal to be contained in the second lease, are plain and
unambiguous and do not necessitate a construction thereof by
the court. (*Westcott* v. *Thompson*, 18 N. Y. 367.) The
defendant was neither bound to elect nor to exercise any
option. (*O. A. Society* v. *Waterbury*, 8 Daly, 35.)

*Charles Gibson Bennett* for respondents. At the end of the first term on May 1, 1905, the defendant had lost finally and absolutely the right to erect a new building on the demised premises, and consequently it had lost the right to a second lease containing a clause giving a right to a further renewal in case such a building should be standing on the premises at the end of the second term. As the right depended upon a contingency which could never legally happen, the right did not exist and no provision in respect of it was necessary or proper in the second lease. (*Ripley* v. *Yarmouth,* 56 Barb. 21; *O. Asylum* v. *Waterbury,* 8 Daly, 35.)

WILLARD BARTLETT, J. The plaintiffs' predecessors in title, being the owners of a lot of land in the city of New York known as No. 29 Cortlandt street, with an adjacent gore fronting on Church street, on April 29, 1893, executed to the defendant corporation a lease of the premises from May 1st, 1893, for a term of twelve years, at a yearly rent of nine thousand dollars. That lease contained an agreement on the part of the lessee " that it will within two years from the date hereof erect upon the said premises a new store front on the first story of Cortlandt and Church Streets with windows in the side on Church Street and put in an elevator and generally put the building into condition for office occupation and that it will expend on these improvements on the said building a sum not less than twenty-five thousand dollars which improvements when made will belong to the premises, or in lieu thereof will erect a new modern fireproof store and office building."

Within two years from the date of the lease the lessee did erect upon the demised premises a new store front on the first story of Cortlandt and Church streets, with windows in the side on Church street, and put in an elevator and generally put the building into condition for office occupation, and it expended on these improvements a sum not less than $25,000. It has never, however, erected a new modern fireproof store

and office building or any new building upon the premises. In other words, it has exercised the option given to it by the provision which has been quoted from the lease by making the improvements therein specified at an expense of not less than $25,000 instead of erecting a new modern fireproof store and office building upon the leased property.

It further appears by the terms upon which the controversy has been submitted that the lessee corporation has always fully kept and performed all the other covenants and agreements in the said lease contained on its part and behalf during the whole of the demised term.

Following that portion of the original lease which has been quoted in reference to the option to be exercised within two years, the instrument contains a covenant for a renewal of the lease for a further term of thirteen years after the expiration of the first term; and it is this provision which has given rise to the present controversy. By the terms thereof the party of the second part (the lessee) having kept all its covenants during the first term, and having made the alterations and repairs in the building provided for in the lease, became entitled to a new lease from the successors in interest of the original lessors for the same annual rental for a further term of thirteen years, " such lease to contain the like covenants as hereinbefore contained, except the foregoing covenant for renewal, *in lieu whereof said second lease shall contain a covenant that in case there shall be standing on the premises a modern fireproof store and office building, erected by the party of the second part,* that then the parties of the first part, their executors, administrators or assigns, will, at their option, either purchase said building at a valuation thereof to be ascertained as herein provided or grant a new lease for a third term of twenty-one years, to commence from the expiration of the said second term, at a rent of five per cent upon the appraised value of the ground, payable quarter-yearly, to be ascertained as hereinafter provided, and to contain the like covenants, conditions and provisos as shall have been contained in said second lease, except that said third lease shall

contain a covenant that the parties of the first part will, at their option, either purchase the building then upon the said premises at a price to be ascertained as hereinafter provided or grant a further lease for a term of twenty-one years to commence from the expiration of the said last term at the ground rent of five per cent upon the appraised value as aforesaid, to be ascertained as hereinafter provided, at the end of which term the building upon the said premises shall belong to the parties of the first part, their heirs, executors, administrators or assigns."

At the expiration of the first term the plaintiffs tendered to the defendant a new lease for thirteen years, from which was omitted the covenant provided for by the language just quoted. The defendant refused to accept or execute the lease in this form insisting that it was entitled to the insertion of the covenant which had been omitted. A majority of the justices of the Appellate Division have held that the defendant is not entitled to the insertion of this covenant inasmuch as it was not intended to be operative unless the lessee had erected a modern fireproof building upon the premises within the first two years of the original term; and upon this conclusion it has rendered a judgment requiring the defendant to accept the new lease without such covenant.

I am unable to perceive how the conclusion of the Appellate Division can be sustained, unless the court exercises the power to make a contract for the parties essentially different from that which they have chosen to make for themselves. The original lease provides in unmistakable language that the renewal to be given at the end of the first term upon the fulfillment of conditions by the lessee which have unquestionably been performed, shall contain a certain express covenant. This covenant has been deliberately omitted from the new lease which the owners of the property now offer to the lessee. Upon what principle of law can the lessee be required to accept an instrument which is not in accordance with the contract pursuant to which it is assumed to be given? The consequences of the insertion in the renewal lease of the cove-

nant which the original lease expressly provided should be contained therein need not be inquired into at this time. It is sufficient for the solution of the present controversy that there exists a distinct and positive agreement that such covenant should be contained in the renewal lease. The only renewal lease which the lessee is under any obligation to accept or execute is one in which that covenant shall appear. It seems to me that the undisputed existence of the agreement in the original lease that such covenant shall form a part of the renewal lease precludes the landowners from insisting upon the acceptance of any renewal lease from which it is omitted, and, indeed, renders it their legal duty to execute and deliver a renewal lease in which that covenant shall be included. This view of the case simply calls upon the landowners to perform the letter and spirit of the original agreement entered into by their predecessors in title.

It may be observed, however, that even if the court possessed the power practically to disregard the express terms of the original lease and hold that the omitted covenant might properly be left out of the renewal lease, because there could be no subject-matter liable to its operation, it is, nevertheless, by no means clear that the view to this effect expressed in the opinion of the Appellate Division is correct. In that opinion it is declared that the covenant provided for in the renewal lease, that in case there should be standing on the premises a modern fireproof store and office building erected by the lessee, then the landlords shall offer to purchase said building at the valuation or grant a new lease for a third term of twenty-one years, " was dependent upon the tenants having erected a new building during the first term, and that it was not intended to give to the tenant an option during the second term to erect a new building." This proposition overlooks the last covenant contained in the original lease, and which it is conceded must be contained in any renewal, which covenant is in these words : "And the party of the second part also covenants and agrees to keep the building now upon said premises, or such as shall hereafter be erected upon said premises,

insured in such Fire Insurance Companies as may be approved by the parties of the first part, in the sum of not less than Thirty thousand dollars ($30,000), and to assign the policies to the party of the first part as security for replacing any building that may be destroyed by fire; and the parties of the first part hereby covenant and agree that the said insurance, when paid, shall be applied for such purposes."

Under this covenant, in the event of fire destroying all the structures now upon the premises the lessee would undoubtedly have the right to erect a modern fireproof store and office building thereon. (*Rice* v. *Culver*, 172 N. Y. 60, 65.) In that event they would bring themselves within the terms of the omitted covenant entitling them to have the building purchased at a valuation or to receive a new lease for a third term of twenty-one years.

I think that the judgment of the Appellate Division should be reversed, and that judgment should be directed in favor of the defendant in accordance with the terms of the submission, with costs in both courts.

CULLEN, Ch. J., GRAY, VANN and HISCOCK, JJ., concur; HAIGHT and WERNER, JJ., dissent.

Judgment accordingly.