### BUTLER et al. v. FLYNN et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

MECHANIC'S LIEN—OWNER'S CONSENT TO REPAIRS—EVIDENCE.

> In an action to foreclose a mechanic's lien for material furnished a tenant in the erection of a building on the premises, evidence that the tenant showed the landlord the plans for the building, and was directed to go ahead with the work, and that he knew the work was in progress, is sufficient to show consent to its erection, within Laws 1897, c. 418, giving a lien on realty for materials furnished for its improvement with the owner's consent.

Appeal from special term, Richmond county.

Action by Israel Butler and another, doing business under the firm name of Butler Bros., against John T. F. Flynn, impleaded with another, to foreclose a mechanic's lien. From a judgment for plaintiffs, defendant Flynn appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George Bell, for appellant.

George M. Pinney, Jr. (Warren C. Van Slyke, on the brief), for respondents.

GOODRICH, P. J. The action was brought to foreclose a mechanic's lien upon property owned by the defendant Flynn. The question involved is whether Flynn consented to the contract for the work done and materials furnished by the plaintiffs in the erection of a building upon premises of which the defendant Hartung had been in possession for several years as tenant under a yearly lease, the term being from May to May. In the autumn of 1898 Hartung and Flynn entered into an oral contract by which the former was to purchase the property for $5,800, to be paid on November 1st, the time being afterwards extended by Flynn to January 1, 1899. Hartung on November 28th made a written contract with the plaintiffs, under which they were to erect a building on the premises, and testified: That before it was executed he showed to Flynn a draft of the proposed contract, together with the plans and specifications. "I told him I was going to put up that building, and showed him the plans, and everything. I said: 'Is it all right? Can I go ahead?' Mr. Flynn said, 'Yes.' * * * I saw Flynn from time to time after Butler Bros. started work on the new building,—perhaps four or five times. * * * He always asked me how the building was getting along, and I said it was getting along all right. * * * The plans were shown to Mr.

Flynn on Saturday, and I asked Mr. Flynn, 'Can I go ahead?' Mr. Flynn said, 'Yes.' Monday morning they started in." Flynn denies that Hartung showed him a draft contract, but admits that he showed him the plans, that he is not sure that he did not also show him the specifications, and that he said, " 'Where's your plumbing?' offhandedly, as a sort of expert on plumbing." He also admits that he knew the old building had been removed to another part of the lot. The court found that Flynn inspected and assented to the contract, plans, and specifications; that he gave permission for the erection of the building, and consented thereto,—and ordered judgment of foreclosure. From this judgment the defendant Flynn appeals.

The lien law (chapter 416, Laws 1897) provides as follows:

"Sec. 3. A contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

This consent clause proceeds upon the equitable principle that one who knowingly receives the benefit of the labor or property of another, in the form of improvements upon his land, ought to have his property subjected to a lien for the value of such improvements. In the present case there was evidence sufficient to support the finding of the court that Flynn consented to the contract of the plaintiffs for the erection of the building, and there is no reason why the land should not be held subject to their lien. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.