## FISCHER v. JORDAN et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. MECHANICS' LIENS—SECRET AGREEMENTS.

A secret contract between the owner of real property and the person in possession, who contracts for the erection of a building thereon under an agreement that the owner shall pay therefor, that the cost shall not exceed a certain sum, will not defeat a mechanic's lien thereon.

2. PRINCIPAL AND AGENT—EVIDENCE.

Where a principal resisted payment on a contract on the ground that the agent making the contract had expended more money than he was authorized to do, the fact that he did not make such objection when the claim was first presented is strong evidence that the principal acquiesced in the contract of the agent.

3. SAME.

In an action to foreclose a mechanic's lien under a contract with an agent, evidence that the landlord knew the work was in progress is sufficient to show consent thereto, within Laws 1897, c. 416, giving a lien on realty for materials furnished for its improvement with the owner's consent.

4. SAME—COMPLAINT—HARMLESS ERROR.

Where a complaint in an action to foreclose a mechanic's lien states that defendant firm was composed of certain persons, when it was composed of other persons, the error is not ground of reversal when the only personal judgment recovered was against one who signed the contract in his individual capacity.

Appeal from trial term, Kings county.

Action by Henry C. Fischer against William B. M. Jordan and others to foreclose a mechanic's lien. From a judgment in favor of the plaintiff, the defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Horace Graves, for appellants.
Frederick E. Crane, for respondent.

HIRSCHBERG, J. The findings of the learned trial justice are supported, if not in every respect by the positive evidence of witnesses, at least by the facts, circumstances, surroundings, and general atmosphere of the case. The real estate, unimproved, belonged to the defendant Joseph Ryan, who became insolvent. He was largely indebted, among others to the firm of Claflin & Co., with whom the defendant Jordan was engaged as a credit man. Jordan acquired the title to the real estate under foreclosure, and the action is brought to foreclose a mechanic's lien for labor and materials performed and furnished by the plaintiff in erecting buildings upon the property after Jordan became the owner. The plaintiff testified that Ryan told him that Jordan's ownership was merely nominal, and that in fact the latter held the title for his (Ryan's) benefit. This is denied by the defendants, but the conduct of the parties seems quite inconsistent with such denial. There is no dispute, however, about the fact that Ryan took sole charge of the erection of the houses, made all the contracts with the mechanics and material men, and at the time of the trial was occupying the property, with the exception of one building, which had been sold before the filing of the lien. Ryan did this pursuant to a verbal agreement between Jordan and him-

self, by which Jordan agreed to pay for the houses in accordance with Ryan's contract with the men who should do the work and furnish the materials upon the O. K. or certification of Ryan that the accounts for work and materials were correct. Jordan does, indeed, endeavor to give to the transaction the semblance of a contract between himself and Ryan, by the terms of which the latter was to construct the houses for the sum of $30,000; but, as there was no written agreement, and Ryan was individually irresponsible, it is more reasonable to assume that Ryan either acted as Jordan's agent, or that Jordan was simply holding the property for Ryan's benefit as the true owner. In either view the plaintiff's claim holds good. He had a written contract for his work and materials, executed by Ryan, and the amount of his claim and lien is concededly due and owing to him. It is not pretended that the plaintiff, dealing in good faith with Ryan as the agent of Jordan (an undisclosed principal), would be bound by a secret limitation as to the amount which the buildings should cost. Nor did Jordan claim, when the plaintiff's bill was presented for payment, that Ryan had exceeded the limit of $30,000, and that, therefore, the plaintiff's bill would not be paid. On the contrary, Jordan offered and agreed to pay it, only demanding that the sum of $400 should be deducted for alleged delay in the doing of the work. No delay, or other cause for a deduction, was proven on the trial, and the willingness on Jordan's part to pay the claim when presented, provided the deductions were allowed, is a strong circumstance in support of the theory that he knew of and acquiesced in the plaintiff's contract as one by which he was legally bound under the terms and conditions of his understanding with Ryan. Regarding Jordan, however, as the real owner of the property, the case would seem to come within the principle of our decision in Butler v. Flynn, 51 App. Div. 225, 64 N. Y. Supp. 877. The equitable principle was there recognized that one who knowingly receives the benefit of the labor or property of another in the form of improvements upon his land ought to have his property subjected to a lien for the value of such improvements. This principle is embodied in the provisions of section 3 of the lien law (chapter 416, Laws 1897), and would seem to give to the plaintiff the lien sought to be enforced in this action whether Ryan be regarded as the real principal or as either the agent or contractor of Jordan. The contract between the plaintiff and Ryan was signed by the latter "S. J. Ryan's Son. Jos. Ryan." The complaint alleges that the defendants Sarah J. Ryan and Joseph Ryan constituted the firm of "S. J. Ryan's Son," but the defendants deny the existence of a co-partnership, and assert that "S. J. Ryan's Son" was an infant child of Sarah J. Ryan, deceased. In the view taken, the controversy on this point is immaterial. The transaction and the individual signature to the contract of the defendant Joseph Ryan are sufficient to render him personally responsible to the plaintiff. He acted as the real owner of the property throughout, with the full knowledge and apparent consent of the defendant Jordan, and in the judgment he alone is held for any deficiency which may arise upon a sale of the premises. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.