Street Railway Co., 94 App. Div. 395, 88 N. Y. Supp. 335; Furlong v. Met. Street Railway Co., 103 App. Div. 217, 92 N. Y. Supp. 1008; Knapp v. Met. Street Railway Co., 103 App. Div. 253, 92 N. Y. Supp. 1071; Lofsten v. Bklyn. Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035.

───────────────

BARNARD et al. v. LANTRY et al.

(Supreme Court, Appellate Division, Third Department.   December 7, 1906.)

MECHANICS' LIENS—CONSENT OF OWNER—IMPROVEMENTS BY VENDEE.

    The owners of land agreed to sell the same in consideration of a sum of money to be paid within a specified time and the building of a hotel on the land by the vendees; the vendees agreeing to give a bond to guaranty the building of the hotel and the vendees to have immediate possession. The foundation was constructed and the vendees then defaulted in payment of the price, and no bond was given. *Held*, that one who furnished labor and material in the construction of the foundation was entitled to a lien under Laws 1897, p. 514, c. 418, § 3, giving a lien to any laborer or materialman furnishing labor or materials with the consent of the owner.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 81.]

    Chester, J., dissenting.

Appeal from Special Term, Franklin County.

Action by Sidney W. Barnard and others against Barney Lantry and others.   From a judgment in favor of plaintiffs, defendant Lantry appeals.   Reversed, and new trial granted.

This is an action by vendors of real estate to foreclose their contract of sale.   The vendees make no defense.   The defendant Lantry, having made improvements to the property under a contract with the vendees, asserts a lien thereon by virtue of the lien law (Laws of 1897, p. 514, c. 418) prior to any right of the plaintiffs, claiming that the plaintiffs consented to such improvements within the meaning of section 3 of said statute.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

J. C. Little, for appellant.
George Lawyer and Thomas Cantwell, for respondents.

COCHRANE, J.   The contract was made September 27, 1902.   By its terms the plaintiffs, as parties of the first part thereto, in consideration of $1, the receipt whereof was acknowledged, agreed to sell

to the parties of the second part the property, and the contract then continued as follows:

"In consideration whereof the said parties of the second part agree to pay the said parties of the first part the sum of nine hundred and ninety-nine dollars ($999.00) within thirty days after the execution of this contract, and to build a hotel consisting of not less than one hundred rooms, meaning by this that all the rooms in the hotel shall be counted to make up the one hundred rooms, which hotel shall be furnished in a first-class manner. And the parties of the second part agree to spend in the erection of the said hotel, and in the furnishing and equipments, etc., of the said hotel not less than fifty thousand dollars ($50,000) and agree to have the building itself completed within one year from the execution of this contract. The parties of the second part agree to give to the parties of the first part a bond in some good solvent surety company for the sum of ten thousand dollars, which bond shall guarantee the erection of the said hotel."

It was further provided that the vendees were to have possession of the premises "from the date of the execution of this contract."

October 2, 1902, the parties in writing modified said contract so as to extend the time of payment of the $999 and the delivery of the said bond 30 days from October 27, 1902, and the time of the completion of the hotel to April 27, 1904. The deed was not to be delivered until the purchase price was paid and the bond given. The appellant under a contract with the vendees furnished labor and material in constructing the foundation of said hotel at an expense of $1,250, which constitutes his lien herein. The work was begun November 8, 1902. Plaintiffs were aware that this work was being done. About a month after the contract was executed there was a ceremony of laying a cornerstone which was participated in by one of the plaintiffs. Thereafter the vendees defaulted in payment of the purchase price, and the bond for the erection of the hotel was not given and work on the hotel was suspended. By reason of the nonperformance of the contract by the vendees, the plaintiffs derived no benefit from the expenditure of the appellant.

In Jones v. Menke, 168 N. Y. 61, 60 N. E. 1053, a lease provided that the premises were to be "fully fitted up and completed for the liquor and restaurant business contemplated to be carried on at said premises within three months from date," and, if the tenant failed to have them so fitted up, the lease was to be void. The owner's interest in the premises was subjected to liens for improvements under such lease. The court said:

"The interest of an owner in real property is chargeable with the value of work performed or materials furnished in the erection or repair of any building thereon when the same is so performed or furnished with his consent, and a requirement in a contract between vendor and vendee, or between landlord and tenant, that the vendee or tenant shall make certain improvements on the premises, is a sufficient consent of the owner to charge his property with claims which accrue in making those improvements (Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251; Miller v. Mead, 127 N. Y. 544, 28 N. E. 387. 13 L. R. A. 701; Burkitt v. Harper, 79 N. Y. 273; Otis v. Dodd, 90 N. Y. 336), though it would not render his property liable for improvements or alterations beyond those specified in the contract (De Klyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719). In the present case the lease provided that the tenant should fully fit up and complete the premises for the liquor and restaurant business within three months from the date of the lease."

That case is a controlling authority here. There the lessee was required by the terms of the lease to fit up and complete the property for a specified purpose. Here the vendees were required by the terms of the contract to construct and equip a hotel of a specified capacity and at a specified expense. It is manifest that the plaintiffs expected to derive a substantial benefit from the construction of this hotel. Not only was the hotel a part of the consideration of the proposed sale, but the vendees agreed to give ample security to the vendors in the sum of $10,000 for the erection of said hotel. This expected benefit to the plaintiffs was $5,000 additional for the purchase price of the property pledged by popular subscription provided the hotel should be built. It is difficult to imagine a contract where by the terms thereof the improvement is more clearly required. It was not optional, but obligatory, with the vendees to construct this hotel. Improvements made under such a contract are deemed to be with the owner's consent within the meaning of the lien law. The fact that the improvements did not benefit the plaintiffs is unimportant. That was not the fault of the appellant, but of the vendees in not performing their contract with plaintiffs.

This case is to be distinguished from those where the vendee or lessee is permitted by the terms of the contract to make improvements or changes in the property solely for his own benefit or convenience. This distinction is pointed out in Rice v. Culver, 172 N. Y. 65, 64 N. E. 762, as follows:

"There is a marked distinction between the passive acquiescence of an owner in that he knows the improvements are being made, improvements which in many cases he has no right to prevent, and his actual and express consent or requirement that the improvement shall be made. It is the latter that constitutes the consent mentioned in the statute."

It is said that the parties did not contemplate the construction of the hotel until after the payment of the purchase price and delivery of the deed and bond. Of course, it is plain that the hotel could not be completed and fully equipped until after that time. It is just as plain that the parties intended that work on the hotel should begin immediately. For no other purpose did the contract provide that the vendees should have immediate possession. The work was being performed before the time fixed in the contract for the payment of the purchase price and the delivery of the deed and bond. Of this the plaintiffs were cognizant. They made no protest or objection, but permitted the appellant to continue the prosecution of the work whereby they expected to be benefited. Such work was performed in furtherance of their contract with the vendees. Had the project proved successful, the plaintiffs would have received their expected benefits therefrom. The project having proved unsuccessful, it is equitable that they should be subjected to the corresponding burdens.

The judgment must be reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except CHESTER, J., who dissents.