## ÆTNA ELEVATOR CO. v. DEEVES et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

MECHANICS' LIENS—RIGHT TO LIEN—"CONSENT OF OWNER" TO REPAIRS.

   A mere general consent or requirement on the part of the owner of premises that the lessee may or shall at his own expense make alterations and repairs to the premises does not constitute "consent" within the meaning of the mechanic's lien law.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1442.]

Appeal from Appellate Term.

Action by the Ætna Elevator Company against Richard Deeves and others. From a judgment of the Appellate Term (107 N. Y. Supp. 63) affirming a judgment of the Municipal Court for defendants, plaintiff appeals by permission. Affirmed.

See, also, 108 N. Y. Supp. 718.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred B. Nathan, for appellant.
John Frankenheimer, for respondents.

SCOTT, J. The plaintiff seeks to impress and foreclose a mechanic's lien upon real property. He has been unsuccessful in the Municipal Court and at the Appellate Term, and now appeals by permission to this court.

The defendants are the owners of the Everett House, an hotel, leased for a term of 21 years from March 7, 1906, to the Everett House Company. The plaintiff, under a contract with the lessee, made certain small repairs to the elevator at the cost of $227.32. Mechanic's Lien Law, Laws 1897, p. 516, c. 418, § 3, gives a lien to a contractor

or materialman who performs labor, or furnishes materials for the improvement of real property "with the consent or at the request of the owner thereof." It is not contended that defendants ever requested plaintiff to do the work for which it seeks to establish a lien. Their consent is sought to be implied from the fact that their lease to the Everett House Company contains the customary clause whereby the lessee "agrees to keep the premises in good order and repair during said time and at its own cost and expense." We do not deem it necessary to follow the plaintiff through its elaborate argument as to whether or not this agreement on the part of the lessees binds them to do any more than would be required of them by law, if no such clause had been inserted in the lease. The point at issue rests upon no such consideration, and is conclusively settled by ample authority. The rule is that a mere general consent or requirement on the part of the owner that the lessee may or shall at his own expense make alterations and repairs to the premises does not constitute consent within the meaning of the lien law. Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292; Beck v. Catholic University, 172 N. Y. 387, 65 N. E. 204, 60 L. R. A. 315; Rice v. Culver, 172 N. Y. 60, 64 N. E. 761;. Conant v. Brackett, 112 Mass. 18. The cases in which such a consent has been implied are those in which the owner has specifically contracted for, or with a view to the particular improvement which. the tenant has put upon the property, such as Jones v. Menke, 168 N. Y. 61, 60 N. E. 1053, and Barnard v. Adorjan, 116 App. Div. 535, 101 N. Y. Supp. 502, or those in which it has appeared that the owner has done some affirmative act respecting the particular improvement from which his knowledge and consent may properly be inferred, such as Nat. Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N.. E. 293, and Butler v. Flynn, 51 App. Div. 225, 64 N. Y. Supp. 877. In the present case the repairs were of a nature such as are frequently required wherever elevators are used, and there is absolutely nothing from which it may be inferred that the landlords knew of or anticipated them, or made the lease with reference to them.

The determination of the Appellate Term is right, and must be affirmed, with costs. All concur.