GARBER v. SPIVAK et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. MECHANICS' LIENS (§ 73*)—RIGHT TO LIEN—OWNER'S CONSENT TO REPAIRS—"CONSENT."

Where a tenant was required by a lease to make repairs at his own expense, a mere general consent by the owner that the tenant should make certain temporary small repairs did not constitute "consent," within the mechanic's lien law (Laws 1897, p. 514, c. 418).

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 101; Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 2, pp. 1437–1441; vol. 8, p. 7612.]

2. HUSBAND AND WIFE (§ 25*)—ACTS OF HUSBAND—AGENCY FOR WIFE.

The mere relation of husband and wife does not make the husband agent for the wife, so as to bind her by his acts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 148; Dec. Dig. § 25.*]

Appeal from City Court of New York.

Action by Simon Garber against Jonas Spivak and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Abraham B. Schleimer, for appellants Levine and Halbren.

Schenckman & Brown (Edward A. Brown, of counsel), for respondent.

SEABURY, J. This is an action to foreclose a mechanic's lien. The plaintiff was employed by one Spivak to make certain small repairs of a temporary nature upon the premises of which he was the lessee.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the lease the tenant was required to make the repairs at his own expense. In this case it is sought to hold the defendants liable upon the ground that they consented to the making of the repairs.

The case comes fairly within the rule declared in Ætna El. Co. v. Deeves, 125 App. Div. 842, 110 N. Y. Supp. 124, and that authority alone is sufficient to require the reversal of the judgment which has been rendered in favor of the plaintiff. Moreover, from an examination of the evidence, we are satisfied that the proof offered was wholly insufficient to charge the defendants. The court below was of the opinion that the acts and declarations of the witness Levine were binding upon the defendants. This witness was not a defendant in the action, nor was he shown to have been an agent of the defendants. The mere fact that he was the husband of one of the defendants was insufficient to charge the defendants with the responsibility for his acts.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.