(65 Misc. Rep. 37.)

## GARBER v. SPIVAK et al.

(Supreme Court, Appellate Term.  November 12, 1909.)

1. MECHANICS' LIENS (§ 73*)—RIGHT TO LIEN—OWNER'S CONSENT TO REPAIRS— "CONSENT."

Improvements on leased premises, consisting mainly in removing partitions, and in painting and plastering the larger rooms thereby made, were such as were necessary for the use of the premises which the parties contemplated when the lease was executed.  *Held*, that though lessors must have known lessee intended to make these improvements, and in a sense consented thereto, it was not the "consent" mentioned in the mechanic's lien law (Laws 1897, p. 514, c. 418) ; the tenant in such case being permitted, but not required, except for his own purpose, to make the changes, and lessors not having by their lease specifically contracted for, or with a view to, the particular improvement.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 101; Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 2, pp. 1437–1441; vol. 8, p. 7612.]

2. PRINCIPAL AND AGENT (§ 100*)—AGENCY FOR LANDLORD—SCOPE.

An agency for collection of rent and ordinary repairs on a building implies no power to agree to pay for, or even to authorize, improvements by a tenant, involving removal of partitions and painting and plastering larger rooms thereby made.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 270; Dec. Dig. § 100.*]

3. MECHANICS' LIENS (§ 73*)—REPAIRS BY LESSEE ON LEASED PREMISES.

That lessors, or their agents, watched, and even passed on, improvements made by lessee removing partitions and painting and plastering larger rooms thereby made, and for which a lien was claimed, does not show that they desired to obtain the benefit thereof, but only that, if the change was made, they wished it made right.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 101; Dec. Dig. § 73.*]

Appeal from City Court of New York, Trial Term.

Action by Simon Garber against Jonas Spivak and others.  From a judgment for plaintiff, defendants appeal.  Reversed, and new trial granted.

See, also, 114 N. Y. Supp. 762.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Abraham B. Schleimer, for appellants.

Schenkman & Brown (Abraham P. Wilkes, of counsel), for respondent.

LEHMAN, J.  The plaintiff had filed a mechanic's lien upon the property owned by the defendants appellants for the value of the labor and materials furnished upon the premises under a contract with the defendants' tenant.  The court has found that this contract was made for the improvement of the defendants' building with the knowledge and consent of the owners, and that the plaintiff has complied with the terms of the contract; that the materials furnished and the labor per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

formed by the plaintiff were used in and upon the defendants' premises, without protest in behalf of the defendants, and with the full knowledge, consent, and acquiescence of the defendants; and as a conclusion of law the court has found that the plaintiff has a valid lien against the defendants' premises.

It appears that the alleged improvements consisted mainly in the removal of certain partitions, for the purpose of changing a number of small rooms into larger meeting rooms, and in painting and plastering these rooms. It also appears that, when the lease was executed, the parties contemplated that the tenant would use the premises for meeting rooms, and that these changes or improvements were necessary for such use. Where, at the time of the execution of the lease, the lessors must have known that the lessee intended to make erections on the premises in order to use them for the purposes for which they were let, they did in a certain sense consent to the performance of the work done on their premises. But this is not the "consent" mentioned in the statute. "To fall within that provision, the owner must either be an affirmative factor in procuring the improvements to be made, or, having possession and control of the premises, assent to the improvement in the expectation that he will reap the benefit of it." Rice v. Culver, 172 N. Y. 60, 65, 64 N. E. 761, 762. Upon an appeal from a former trial of this action, this court was of the opinion that no such consent, within the meaning of the statute, had been shown. 114 N. Y. Supp. 762. Upon the new trial, new evidence was presented; but it appears to me of slight weight or significance, and, though I took no part in the previous decision of this court, and have considered the question solely upon the record now presented, I do not find that such consent has been shown upon the trial now under review.

The tenant in this case was permitted, but not required, except for his own purposes, to make the changes in the building. See Jones v. Menke, 168 N. Y. 61, 60 N. E. 1053. The lessors have not, however, by their lease, specifically contracted for, or with a view to, the particular improvement which the tenant has put upon the property. See Ætna Elevator Co. v. Deeves, 125 App. Div. 842, 110 N. Y. Supp. 124. Nor do I find sufficient evidence to sustain the view that they have done "some affirmative act respecting the particular improvement from which his knowledge and consent may properly be inferred." Ætna Elevator Co. v. Deeves, supra. Knowledge the defendants may well have had; but the affirmative acts of the defendants fail to show consent. The contract for the repairs or improvements was made with the tenant, and he agreed to pay for them. The defendants apparently in no way misled the plaintiff, nor induced him to do the work, nor actually agreed to pay for it. It is true that the defendants appellants are women, and the plaintiff testified that before undertaking the work he required and received from the husband of the defendant Halbren a promise to pay for the work. This promise, even if credited, is not sufficient to bind the defendants. Halbren may have been their agent in regard to the collection of the rent and the ordinary repairs that a real estate agent makes in behalf of the owner; but such agency implies no power to agree to pay for, or even to authorize, improvements as extensive as those for which this action has been brought. The de-

fendants themselves made the lease with the tenant. Under that lease the tenant was allowed to make these improvements, although no such permission was expressly given. At the expiration or termination of the lease they became the landlords' property; but there is no evidence that they desired these improvements. While it may be true that they or their agents watched the improvements, and even passed upon them, that is insufficient to show that they desired to obtain the benefit of the change. It shows only that, if the change was made, they wished it made right.

The judgment should be reversed, and a new trial ordered, with costs to appellants. All concur.