AUSABLE CHASM COMPANY, Respondent, *v.* HOTEL AUSABLE CHASM AND COUNTRY CLUB, INCORPORATED, and Others, Defendants, Impleaded with DONALD J. BROWN and AIRD DON COMPANY, Appellants.

Third Department, March 4, 1942.

*Oliver A. Wolcott* [*William A. Dunne* and *Matthew M. Dunne* of counsel], for the appellants.

*Jeremiah W. Davern* [*Thomas F. Conway* of counsel], for the respondent.

SCHENCK, J. Plaintiff is a domestic corporation which owned and operated Ausable Chasm, including the hotel and cottages upon the property. Defendant Hotel Ausable Chasm and Country Club, Inc., was a Canadian corporation organized by one Jules Hone to purchase and operate plaintiff's hotel.

Said Hone while organizing his corporation was in possession of and resident in one of the cottages on the property in April, 1938. It was his plan to make improvements on the hotel property for the new corporation. He made agreements with the defendant Brown for the latter to furnish materials and perform work to effect these improvements. On May 21, 1938, a formal deed transferred title of the hotel and cottages to Hone's Canadian corporation. This was recorded on June second along with a mortgage described on its face as a purchase-money mortgage from the purchaser back to the plaintiff.

In the meantime and also subsequent to this date, Brown continued his work pursuant to the agreement with defendant Canadian

corporation. On September 16, 1938, Brown filed a mechanic's lien on the real estate conveyed and mortgaged as aforesaid. Following this, plaintiff foreclosed the aforesaid mortgage for default and entered judgment which provided, among other things, that the mechanic's lien is subordinate to the previously recorded mortgage of plaintiff and that, accordingly, defendant Brown has become precluded from enforcing his lien against anything or anybody except the equity remaining in the Canadian corporation. Defendant Aird Don Company is an assignee of defendant Brown and occupies the identical position which otherwise would be taken by Brown, as lienor.

Defendants Brown and Aird Don Company now contend that the mortgage in question was not a purchase-money mortgage, that the transaction between the two corporations was not in good faith, and that the mechanic's lien should have priority over the mortgage. The trial court found for the plaintiff and this appeal is accordingly taken.

Despite the fact that sympathy might lie for the mechanic's lienor in that he should be allowed to use all lawful means to enforce payment for the work done and materials supplied by him, the judgment must be affirmed. In this connection it is immaterial whether the mortgage be deemed a " purchase-money mortgage " or not. Under the Lien Law a mechanic's lien is subordinate to a prior recorded mortgage. A mechanic's lien is a creature of statute and relative thereto requirements must be strictly complied with. This lienor could have filed his lien against the property upon commencing the job. He did not do this and accordingly, unfortunate as it may seem for his position, lost the protection which he might otherwise have had.

The fact that plaintiff reaps the benefit of Brown's work without having to pay therefor is likewise immaterial. The contract was between Brown and the Canadian corporation, and the latter alone is liable. Similarly, the lien attaches only to the Canadian corporation's equity.

No fraud has been shown so that the *bona fide* nature of the sale and foreclosure cannot be considered here. Suffice to say the mechanic's lienor slept upon his rights and has now lost them.

The judgment appealed from should be affirmed, without costs.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Judgment unanimously affirmed, without costs.