Jack Stanislaw, J.
Plaintiff, Stefco, brings this action to foreclose a mortgage. One of the defendants,' Bert Construction Corp., interposed an answer and affirmative defense. The case has been submitted by these parties to the court upon an agreed statement of facts' summarized as follows: Larkfield
Country Club entered into a contract with Bert for construction on April 21, 1960, and Bert commenced operations that same *341 month; on June 30,1960, Larkfield executed the mortgage herein to Seaboard Pools, Inc., recorded July 14, i960; Bert stopped work in August, 1960, and on the 26th of that month filed its mechanic’s lien against Larkfield in excess of $190,000; on December 13, 1960 Seaboard assigned its mortgage to one Madison, and Madison assigned to plaintiff Stcfco on November 21, 1961.
Bert relies on paragraph 18 of the mortgage in its contention that its lien has priority on foreclosure to the extent of at least $70,000. The paragraph reads in full that “ This mortgage is subject and subordinate to a first mortgage which the mortgagor may obtain in a sum not to exceed $70,000.00 on these premises.”
The court does not agree with Bert’s argument. Subdivision (5) of section 13 of the Lien Law establishes the requirements for priority of conveyances over liens, which conveyances are recorded before the lion was filed. If such conveyances contain a “ trust fund ” clause as set forth in this section the priority of first recordation is maintained. The mortgage in issue contains such provision, paragraph 15.
The Beal Property Law (§ 290, subd. 3) defines conveyance to include mortgages, further establishing and fixing the recorded precedence of the instrument here. Finally, the Lien Law (§ 13, subd. [1]), specifically states that mechanics’ liens shall have priority only over conveyances not recorded at the time the lien is filed, or those not within subdivision (5) of section 13.
Paragraph 18 of the mortgage referring to the possibility of a future first mortgage does not increase the status of Bert’s lien; similarly, a subsequent first mortgage would not decrease this priority. No fraud has been shown here (Lien Law, § 7), and defendant Bert did have other protections available to insure payment. (Ausable Chasm Co. v. Hotel Ausable Chasm & Country Club, 263 App. Div. 486.)
Judgment for plaintiff as prayed for in its complaint.