Harold Baer, J.
This plaintiff rendered services and supplied materials to the hotel owned by the defendant Kew Management Corp., hereafter referred to as “ Kew ”, but run by the defendant 1135 Hotel Corp., hereafter referred to as “ 1135 ”, as lessee under a lease for 10 years.
On December 25,1961, there was a fire disconnecting essential services in the hotel. Defendant 1135 ordered plaintiff to do necessary emergency work to restore services to the hotel and to the stores on the premises, which were not leased to 1135.
The managing officer of Kew, Mr. Seyden, was out of the city at the time of the fire but the testimony is clear that his insurance broker informed him of the fire and told him: “Don’t worry, you’re fully covered.” The same broker is alleged to have told the tenant in possession to do what was necessary in order to restore services.
There is controversy over the day of Mr, Seyden’s return to the city but it is clear that he saw the emergency work being done and remained silent.
There is no question about the work having been done. There is no real issue as to the reasonableness of the services rendered and materials furnished. The defendant 1135 defaulted in answering so that this is an inqnest as against it. The issue to be determined is whether or not the defendant Kew is liable within the purview of the Lien Law, which reads in part as follows: “ § 3. Mechanic’s lien on real property. A contractor, subcontractor, laborer, materialman * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the oivner thereof, or of his agent, contractor or subcontractor, shall have a lien for *484 the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing notice of such lien as prescribed in this chapter.” (Emphasis added.)
It is established law that the consent of the owner is a condition precedent in order for a contractor to obtain a lien against the property. To come within the purview of the statute, an owner out of possession must be an affirmative factor in procuring the work (Rice v. Culver, 172 N. Y. 60, 65-66; Bedford Lake Park Corp. v. Twelve Linden Corp., 8 A D 2d 818; Ausable Chasm Co. v. Hotel Ausable Chasm & Country Club, 263 App. Div. 486; Eisenson Elec. Serv. Co. v. Wien, 30 Misc 2d 926). Mere passive acquiescence by the owner to improvements made by a lessee in possession does not constitute consent (Beck v. Catholic Univ., 172 N. Y. 387, 392-393; Delaney & Co. v. Duvoli, 278 N. Y. 328).
However, the consent need not be actual or contractual, it may be implied from the terms of the lease or from the acts of the owner (National Wall Paper Co. v. Sire, 163 N. Y. 122; Butler v. Flynn, 51 App. Div. 225; Fischer v. Jordan, 54 App. Div. 621, affd. 169 N. Y. 615).
Generally, where the lease contains the usual covenants requiring the lessee to maintain and repair the demised premises, and there is nothing more — there is no consent within the meaning of the statute. This is so even where repairs or replacements are made with the knowledge of the owner (Ætna Elevator Co. v. Deeves, 125 App. Div. 842, 843-844; Hankinson v. Vantine, 152 N. Y. 20, 31; Eisenson Elec. Serv. Co. v. Wein, supra, p. 930). A consent is implied where the lease itself requires that certain improvements or replacements be made which ultimately inure to the benefit of the owner. Also, where an owner gets the benefits of the improvements by reversion at the end of the term, a course of conduct and detailed approval of the work may subject the land to the lien (National Wall Paper Co. v. Sire, supra; Osborne v. McGowan, 1 A D 2d 924, 925; Wilson’s Plumbing Shop on Wheels v. Trustees of Dartmouth Coll., 168 Misc. 376).
The case at bar falls into neither of these categories. However, we do have two situations which do not occur in any of the previous cases: the fire emergency and the dual obligation to maintain services to tenants. The fire caused an emergency. An emergency in and of itself does not cause liability to the owner. (Eisenson Elec. Serv. Co. v. Wein, supra, pp. 933-934.) However, this emergency disrupted services which had to be supplied by the tenant and by the landlord.
*485 While the tenant was obligated to furnish facilities to the hotel guests, the landlord had to furnish services to the stores. Moreover, the landlord was obligated under the lease to restore all services and facilities damaged by fire (lease, Exhibit B, par. 5). The lease provides: “where the leased premises are damaged by fire * * * the Landlord shall repair the damage with reasonable dispatch after notice of damage ”,
Under these circumstances, whether or not the landlord recovered for the items in this claim from his insurance carrier, he was obligated to pay. The purpose of the Lien Law is to protect labor and material men and the equities in this case favor the contention of the plaintiff (Kane Co. v. Kinney, 174 N. Y. 69, 73; Wilson’s Plumbing Shop on Wheels v. Trustees of Dartmouth Coll., supra, p. 380, citing Jones v. Menke, 168 N. Y. 61; Lien Law, § 23). All of the circumstances require that judgment be granted against both defendants as requested in the complaint.