William R. Brennan, Jr., J.
This is an action to foreclose a mechanic’s lien for labor performed and materials furnished by plaintiff under an agreement with the defaulting defendant Barry Hill Building Corp., the general contractor for the defendant Burger Hutch, Inc., in the erection of a diner-type structure on what had been vacant land owned by the defendant Angelo Lorenzo and leased to Burger Hutch, Inc.
The first problem presented is the liability of owner Lorenzo for the improvements contributed by the plaintiff subcontractor.
The lease made April 17, 1964 between the owner and Burger Hutch, Inc., contained provisions which (1) permitted mortgaging of the lease without thereby permitting the tenant to create any lien on the fee; (2) required removal by tenant at the termination of the lease of any buildings it placed upon the premises and the filling of any excavations or holes left by .such removal; and (3) required the tenant to remove any mechanic’s lien within 30 days after the filing thereof, but provided also that “ nothing in this provision or elsewhere in this instrument contained shall be deemed a consent by the landlord, that their estate in the premises be subjected to any liability for mechanic’s liens or similar liens.”
Although there is no question that the defendant Lorenzo, who conducted a business across the street from the rented property, knew that improvements were being made upon his plot to enable the lessee to conduct its business, there is also no question that he had nothing to do with any contracts made by the lessee, that his express consent to any of the work done was not sought, and that he was satisfied to rely upon his land lease under which he was entitled to fixed rents whether or not the tenant erected a structure in which to conduct its business.
Section 3 of the Lien Law creates the right to a mechanic’s lien on real property in favor of a contractor or subcontractor ‘ ‘ who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the *353 owner thereof ”. In this context, “ The word ‘ consent ’ # * * has a limited application. There is a marked distinction between the passive acquiescence of an owner in that he knows the improvements are being made, improvements which in many cases he has no right to prevent, and his actual and express consent or requirement that the improvement shall be made. It is the latter that constitutes the consent mentioned in the statute.” (Bedford Lake Park Corp. v. Twelve Linden Corp., 8 A D 2d 818, citing Rice v. Culver, 172 N. Y. 60, and Ausable Chasm Co. v. Hotel Ausable Chasm & Country Club, 263 App. Div. 486).
In Eisenson Elec. Serv. Co. v. Wien (30 Misc 2d 926, 932-933) it was noted that the “ ‘ consent ’ contemplated by the statute is not the consent given to the tenant in a lease but, in effect, is a consent given to the materialman. As noted in Jones v. Manning (53 Hun 631, opinion in 6 N. Y. S. 338, 340) and as succinctly stated in Sager v. Renwick Park & Traffic Assn. ([172 App. Div. 359] supra, p. 368): ‘ It is a holding out of the owner as acquiescing in the giving of credit which is at the foundation of the right to a lien against the owner of the fee, and where the contract is made with a tenant in possession under a lease having no connection whatever with the owner of the fee, it cannot reasonably be contended that the latter is either morally or legally bound to compensate the lienors. ’ ”
It is true that the consent of an owner out of possession may be implied in situations in which such owner receives direct benefits from the work performed. Thus, where the lease requires that certain improvements or replacements be made, which will ultimately inure to the benefit of the owner by reversion at the end of the term, his consent may be implied. (See G & H Plumbing & Heating Co. v. Kew Mgt. Corp., 39 Misc 2d 483, and cases there cited.)
No such consent may be implied here. In the first place, the diner which was placed upon the property is, in legal contemplation, personal rather than real property, and, secondly, it was required under the terms of the lease to be removed at the expiration of the term. Consequently, the owner could derive no benefit or reversionary interest such as would support an inference of consent.
It follows from what has been said that the complaint must be dismissed as to the defendant Lorenzo, with costs (see, also, Beck v. Catholic Univ., 172 N. Y. 387; Delaney & Co. v. Duvoli, 278 N. Y. 328); and that the said defendant is also entitled to a direction in the judgment discharging the liens filed against his property and canceling the lis pendens.
*354 The court finds that the defendant Burger Hutch, Inc., contracted to pay and owed Berry Hill Building Corp. the sum of $17,788 and after crediting $10,000 concededly paid on account, there was due the general contractor the sum of $7,788. It also finds that there were due to the plaintiff and to the defendant Roman Iron Works, Inc., as subcontractors on the job with the knowledge and approval of the defendant Burger Hutch, Inc., the sums of $5,878.50 (a balance after part payment) and $643.60, respectively, with appropriate interest, and that Burger Hutch, Inc., had knowledge of these claims (which in plaintiff’s case included extras it had authorized) at a time when it owed the general contractor sums in excess of the aggregate of these two claims ($6,522.10 exclusive of interest). The general contractor was not paid; these two claimants were not paid. They are entitled to judgment against the defendants Berry Hill Building Corp. and Burger Hutch, Inc. for the amounts hereinabove found to be due them plus interest (Lien Law, § 54; Bi Menna v. Cooper S Evans Co., 220 N. Y. 391; McCreary Co. v. People, 267 N.Y.37).
The counterclaim of the defendant Burger Hutch, Inc., against the plaintiff is dismissed.