Philip Wagneb, J.
Action to foreclose a mechanic’s lien. The plaintiff, an architect, was hired by one James P. Maloney, President of AAC Employment Service, Inc., and MFC Employment Service, Inc., to prepare plans for alterations on certain basement premises at 182-4 Broadway, New York City, in November of 1963.
The premises were leased by the defendant Gotham Estates, the owner, to MFC Employment Service, Inc., on November 6, 1963.
The plans were to install partitions to be used in connection with AAC business.
*105 The contract price was $1,599.40 of which AAC paid $250. The present action is for the balance, $1,349.40, the amount of plaintiff’s lien filed in the County Clerk’s office on April 27, 1964.
On January 11, 1965, the defendant Gotham Estates filed an undertaking for $1,575 as principal, with the defendant National Surety Corporation, as surety, pursuant to court order entered December 22, 1964 in accordance with section 19 of the Lien Law.
The drawing of plans and specifications by an architect constitutes “ improvement ” pursuant to section 2 (subd. 4) of the Lien Law.
However, for the plaintiff to recover, he must show that the defendant expressly or impliedly consented to the work and not merely that plaintiff’s work related to the improvement of the defendant’s property.
It is conceded that the defendant owner signed the authorization for the plans that were filed with the Department of Housing.
To spell out consent, the owner must be an affirmative factor in procuring the improvement to be made or have possession and control of the premises and consent to the improvement in the expectation that he will reap the benefit of it. (Rice v. Culver, 172 N. Y. 60.)
The signing of the authorization required by the Housing Department to process the application does not in and of itself denote consent. (Rice v. Culver, 172 N. Y. 60, supra.)
The evidence is clear that the defendant never dealt with the plaintiff except to obtain his signature to file the plans.
All of the negotiations with relation to the improvements were between the sublessee and the plaintiff architect; thus, it appears that the plaintiff relied on the sublessee’s ability to pay.
The fact that the defendant owner, Gotham Estates, advanced moneys to the general contractor does not aid the plaintiff, since plaintiff did not rely on such act of the defendant as implying consent; and, in any event, the plaintiff’s lien in such a case would extend only to the amount which the general contractor would have a right to recover (Lien Law, § 4; Lorber v. Eskof Real Estate, 21 Misc 2d 308). There is no balance due the general contractor in the case at bar.
In Delaney v. Duvoli, (278 N. Y. 328, 331), the court, in commenting on an analogous set of facts, said: “The consent required by this section is not a mere acquiescence by the owner to improvements by the lessee in possession at his own expense. There must be some affirmative act by the owner [cases effect].”
Plaintiff, to support his contention that the defendant gave consent, argues that by the terms of the lease the landlord could have refused to give his consent to. file the plans for the altera *106 tions, by referring to article 44 of the lease, which reads: ‘ ‘ All such alterations and work shall be subject to all the provisions and conditions of this paragraph and paragraph ‘ 3 ’. Before making any alterations, the tenant will first secure from the landlord written approval of all plans and specifications.” And Article 3 which provides: “As a condition precedent to Landlord’s consent to the making by Tenant of alterations, decorations, installations, additions or improvements to the demised premises, Tenant agrees to obtain, and deliver to Landlord, written and unconditional waivers of mechanics liens upon the real property in which the demised premises are located, for all work, labor, and services to be performed and materials to be furnished by them in connection with such work ’ ’.
The above clauses are the usual covenants entered into between-a lessor and lessee for the repairs and maintenance of demised, premises and are a mere general consent that a lessee may or may not make alterations and repairs to a premises at his own expense and do not constitute consent within the meaning of the Lien Law. (Eisenson Elec. Serv. Co. v. Wien, 30 Misc 2d 926.)
Cases cited by the plaintiff are inapposite. In National Wallpaper Co. v. Sire (163 N. Y. 122) the landlord constantly visited the premises and inspected the improvements during five months expressing approval with the work and never objected, although he knew that the tenant expected him to bear at least part of the expenses.
The court is mindful that while the Mechanics’ Lien Law (Lien Law, art. 2) must receive a liberal construction to secure the beneficial purpose had in view by the Legislature, yet, since it creates a remedy unknown to the common law, the statute may not be extended to cases not fairly within its general scope and purview. (Spruck v. McRoberts, 139 N. Y. 193.)
Cases in which consent has been implied are those where the owner has done some 'affirmative act respecting the particular improvement which the tenant has put upon the property (Jones v. Menke, 168 N. Y. 61) or where the lease itself requires certain improvements or replacements which ultimately inure to the benefit of the owner (G & H Plumbing & Heating Co. v. Kew Mgt. Corp., 39 Misc 2d 483).
In the light of the foregoing facts and circumstances, it is the opinion of the court that the landlord did nbt expressly or impliedly give his consent to the alleged improvements.
Where, as here, an architect claims a lien against the property of an owner for improvements to the property made by the architect at the request of the sublessee of the owner’s lessee, said lien can be valid only if either such improvements were made *107 with the express consent of the owner or the owner by a course of conduct implied such a consent. The court finds neither express nor implied consent in the case at bar.
Accordingly, judgment is rendered for the defendant and the complaint is 'dismissed.